

## Office of the Attorney General
### State of Texas

DAN MORALES
ATTORNEY GENERAL

August 12, 1992

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002-1891

Opinion No. DM-150

Re: Whether Harris County may, for purposes of floodplain management, regulate the building of structures over waterways within the jurisdiction of the Port of Houston Authority (RQ-294)

Dear Mr. Driscoll:

You have requested our opinion as to whether Harris County may, for purposes of floodplain management, regulate the building of structures over waterways within the jurisdiction of the Port of Houston Authority.

The Port of Houston Authority (hereafter the "authority") was created in 1927 as the Harris County Houston Ship Channel Navigation District of Harris County, Texas.[1] Acts 1927, 40th Leg., ch. 292, at 437-40; Acts 1927, 40th Leg., 1st C.S., ch. 97, at 256-57. Although the authority was originally established as a navigation district under article III, section 52 of the Texas Constitution, a 1957 statute provided that it has all powers conferred upon those districts originally organized under article XVI, section 59. Acts 1957, 55th Leg., ch. 117, at 241, 247. The jurisdiction of the authority extends to "all the submerged lands lying under . . . all . . . streams . . . tributary to the Houston Ship Channel . . . and all other tidal flats or overflow land adjacent to or appurtenant to [such] streams . . . ." Acts 1927, 40th Leg., ch. 292, at 438. The purpose of the authority is declared to be

the development of deep water navigation and the improvement
of rivers, bays, creeks, streams, and canals within or adjacent to
such District, and . . . construct[ion] and mainten[ance of] canals
or waterways to permit of navigation or in aid thereof, and for
the purpose of and authority to acquire, purchase, undertake,

---

[1]The name of the district was changed to the Port of Houston Authority in 1971. Acts 1971, 62d Leg., ch. 42, at 79.

> construct, maintain, operate, develop, and regulate wharves, docks, warehouses, grain elevators, bunking facilities, belt railroads, floating plants, lighterage, lands, towing facilities, and all other facilities or aid incident to or necessary to the operation or development of ports or waterways within said District and extending to the Gulf of Mexico.

Acts 1927, 40th Leg., ch. 292, at 438.

Subchapter C of chapter 60 of the Water Code, which deals with navigation districts, is applicable to any navigation district "not participating with the United States in a navigation project." Water Code § 60.031. Section 60.043 thereof provides:

> The commission [of the navigation district] shall have absolute control over channels, or other waterways within the corporate limits of the district and turning basins, yacht basins, and storage basins.

By virtue of this provision and the various special statutes dealing with the authority's powers, it seems clear that the authority has exclusive jurisdiction over the building of structures over waterways within its geographical limits.

Section 240.901, Local Government Code, provides, however, in pertinent part:

> (a) Recognizing the burden on the nation's resources, congress enacted the National Flood Insurance Act of 1968, under which flood insurance can be made available through the coordinated efforts of the federal government and the private insurance industry by pooling risks and by the positive cooperation of state and local government. The purpose of this subchapter is to evidence a positive interest in securing flood insurance coverage under the federal program ... and to encourage sound land use by minimizing exposure of property to flood losses.

> (b) A county bordering on the Gulf of Mexico or on the tidewater limits of the gulf may determine the boundaries of any

flood-prone area of the county. The suitability of that determination is conclusively established when the commissioners court of a county adopts a resolution finding that the area is a flood-prone area.

(c) The commissioners court may adopt and enforce rules that regulate the management and use of land, structures, and other development in a flood-prone area of the county in order to reduce the extent of damage caused by flooding. The matters to which the rules may apply include:

. . . .

(2) the minimum elevation of a structure permitted to be constructed in the area

Local Gov't Code § 240.901(a),(b),(c)(2). These provisions are applicable to Harris County, which has a part of its border on Galveston Bay. You indicate that, pursuant thereto, the commissioners court of Harris County in 1985 adopted regulations for floodplain management. Harris County is at present designated by the federal government as the floodplain administrator for the area within its geographical boundaries. Section 16.315 of the Water Code, on the other hand, authorizes *all* political subdivisions, of which the authority is one, to "take all necessary and reasonable actions to comply with the requirements of the National Flood Insurance Program."

Although, as we have indicated, the authority has exclusive jurisdiction over the building of structures over waterways within its geographical limits, Harris County is granted specific authority, under section 240.901, Local Government Code, to regulate the elevation of structures within the geographical boundaries of the authority for the limited purpose of floodplain management. Thus, the authority has the more specific statute with respect to geographical extent, while Harris County has the more specific statute with regard to subject matter. In such circumstances, we believe that the statutes can be harmonized in such a manner that Harris County is empowered to regulate the building of structures over waterways within the authority's jurisdiction to the extent necessary to comply with the requirements of the National Flood Insurance Program. Section 16.315 of the Water Code supports this conclusion by admonishing the authority to "take all necessary and reasonable actions to comply with the requirements of the National Flood Insurance Program."

## S U M M A R Y

Harris County is authorized to regulate the building of structures over waterways within the jurisdiction of the Port of Houston Authority to the extent necessary to comply with the requirements of the National Flood Insurance Program.

Very truly yours,

**DAN   MORALES**
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General